UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAVIS WRIGHT TREMAINE, LLP,

    Plaintiff,

v.

UNITED STATES CUSTOMS AND BORDER PROTECTION,

    Defendant.

No.

COMPLAINT FOR DECLARATORY RELIEF FOR VIOLATING FOIA

Plaintiff Davis Wright Tremaine, LLP brings this action for declaratory relief, seeking documents it requested from United States Customs and Border Protection under the Freedom of Information Act.

## **INTRODUCTION**

1. Davis Wright Tremaine LLP ("Davis Wright Tremaine" or "the Firm") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, as amended, to enjoin Customs and Border Protection ("CBP") from continuing to improperly withhold agency records concerning CBP's policy or practice of denying foreign nationals entry to the U.S. due to their involvement with cannabis businesses in the U.S. and abroad.

2. The records requested are pertinent to the widely publicized bans of certain foreign nationals who were denied entry to and banned from entering the U.S. and public statements of CBP officials purporting to explain those acts, which appear to be at odds with

COMPLAINT FOR DECLARATORY
RELIEF FOR VIOLATING FOIA -1-

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
(206) 622-3150 · (206) 757-7700 fax

CBP's authority granted by the Immigration and Nationality Act. The public has a substantial interest in the implementation of its immigration laws.

3. As a law firm dedicated to the open administration of government and the right of the public to monitor the actions of their federal government, Davis Wright Tremaine seeks access to the requested records to assess whether CBP's actions are within the scope of the authority granted to it by Congress, whether CBP is acting pursuant to any policies or procedures, and whether it promulgated any such policies or procedures consistent with the procedures Congress has required for agency rulemaking.

4. Lawyers at Davis Wright Tremaine represent clients involved in the state-legal recreational and medical cannabis market in the United States—many of which employ foreign nationals who frequently travel to the United States—and the Firm therefore has an additional interest in ensuring that the immigration policies which affect its clients are consistent with this country's Constitution and laws.

5. CBP's refusal to produce documents responsive to the FOIA requests has hampered the Firm's ability to participate as an informed citizen and to adequately represent its clients.

## JURISDICTION

6. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

## VENUE

7. Venue in the Western District of Washington is proper under 5 U.S.C. § 552(a)(4)(B). Independently, venue is proper in the Western District of Washington because the Plaintiff is headquartered in and a majority of its members reside in Seattle, Washington.

## PARTIES

8. Plaintiff Davis Wright Tremaine, a limited liability partnership with its main office at 920 Fifth Avenue, Seattle, Washington, is a national law firm.

COMPLAINT FOR DECLARATORY
RELIEF FOR VIOLATING FOIA -2-

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
(206) 622-3150 · (206) 757-7700 fax

9. Defendant United States Customs and Border Protection is a federal agency within the meaning of 5 U.S.C. § 552 and 5 U.S.C. § 552a(a)(1).

## FACTS

### A. CBP Implements New Policies at the Border

10. In July of 2018, news media began to report that CBP was issuing lifetime bans on entering the U.S. to Canadians associated with the cannabis industry. *See* Perrin Grauer, *Canadian cannabis workers targeted by U.S. border guards for lifetime bans*, The Star Vancouver, July 5, 2018 (available at https://www.thestar.com/vancouver/2018/07/05/canadian-cannabis-workers-targeted-by-us-border-guards-for-lifetime-bans.html).

11. In September, Politico.com reported that CBP "will continue to apply long-standing U.S. federal laws and regulations that treat marijuana as a banned substance — and participants in the cannabis industry as drug traffickers — who are inadmissible into the U.S." Luiza Ch. Savage, *U.S. Official: Canadian Marijuana Users, Workers and Investors Risk Lifetime Border Ban*, Politico.com, Sep. 13, 2018 (available at https://www.politico.com/story/2018/09/13/canada-weed-pot-border-783260). Todd Owen, executive assistant commissioner for CBP's Office of Field Operations, stated that CBP would not permit foreign nationals who work in the marijuana industry to enter the U.S., claiming: "If you work for the industry, that is grounds for inadmissibility." *Id.*

12. CBP's apparent policy was driven by its view of the legal cannabis industry in Canada and in those states in the U.S. which have legalized cannabis for recreational or medical use. "We don't recognize that as a legal business," Owens said, and claimed that CBP also had the authority to permanently ban from entering the U.S. even those who only invested in legal cannabis businesses. "Facilitating the proliferation of the legal marijuana industry in U.S. states where it is deemed legal or Canada may affect an individual's admissibility to the U.S." *Id.*

COMPLAINT FOR DECLARATORY
RELIEF FOR VIOLATING FOIA -3-

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
(206) 622-3150 · (206) 757-7700 fax

**B.  FOIA Request**

13. On September 27, 2018, Plaintiff submitted FOIA requests to CBP and CBP's Seattle Field Office seeking documents which might show why CBP has enacted the policy it has, how it developed that policy, and why it believes the INA authorizes it to enact those policies

14. Plaintiff submitted a request to the CBP Seattle Field Office seeking:

> All records related to policies or guidance issued by CBP's Seattle Field Office relating to CBP's interpretation of Immigration and Nationality Act § 212 (and implementing regulations) that would permit CBP to find inadmissible foreign nationals or aliens who are employed by or invest in foreign cannabis businesses which operate in full compliance with local domestic law of the jurisdiction in which they operate.

Exhibit A.

15. Plaintiff submitted a request to CBP's main office seeking:

> All records relating to CBP's policies or practices of finding foreign nationals—or "aliens," as that term is used in the Immigration and Nationality Act § 212—inadmissible for entry to the United States based on their involvement in foreign cannabis businesses which operate lawfully under the local domestic law of the jurisdiction in which they operate;
>
> All records relating to CBP's policies or practices referred to by Todd Owen, executive assistant commissioner for the Office of Field Operations, in the September 13, 2018 Politico.com article U.S. OFFICIAL: CANADIAN MARIJUANA USERS, WORKERS AND INVESTORS RISK LIFETIME BORDER BAN,[1] including the following statements:
>
> "If you work for the [Canadian cannabis] industry, that is grounds for inadmissibility"; and
>
> "Facilitating the proliferation of the legal marijuana industry in U.S. states where it is deemed legal or Canada may affect an individual's admissibility to the U.S.";
>
> All records relating to CBP's interpretation of Immigration and Nationality Act § 212 (and implementing regulations) that would permit CBP to find inadmissible foreign nationals or aliens who are employed by or invest in foreign cannabis businesses which operate in full compliance with local domestic law of the

---

[1] Available at https://www.politico.com/amp/story/2018/09/13/canada-weed-pot-border-783260.

COMPLAINT FOR DECLARATORY
RELIEF FOR VIOLATING FOIA -4-

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
(206) 622-3150 · (206) 757-7700 fax

jurisdiction in which they operate, including guidance to CBP field offices, field office supervisors, or CBP agents;

All records related to policies or guidance issued by CBP's Seattle Field Office relating to CBP's interpretation of Immigration and Nationality Act § 212 (and implementing regulations) that would permit CBP to find inadmissible foreign nationals or aliens who are employed by or invest in foreign cannabis businesses which operate in full compliance with local domestic law of the jurisdiction in which they operate.

Exhibit B.

16. The requests were consolidated under Tracking Number CBP-OFO-2018-090774. The FOIAonline.gov website states that the requests were submitted on September 28, 2018 and have an "estimated date of completion" of October 29, 2018. For over two months, the website has indicated that the requests are "Under Agency Review." Neither CBP nor CBP's Seattle Field Office, nor any other federal agency, have responded to the requests.

## **FIRST CAUSE OF ACTION**

### **Violation of FOIA by the DHS Defendants for Failure to Make Promptly Available the Records Sought by Plaintiffs' Requests.**

17. Federal agencies are required to determine whether to comply with requests for records made under 5 U.S.C. § 552(a)(3) within twenty days of receiving the request, excluding weekends and public holidays, and "immediately notify the person making such request" of the agency's decision. 5 U.S.C. § 552(a)(6)(A).

18. Federal agencies are entitled to extend the statutory deadline to respond to a request under "unusual circumstances," but must do so by providing "written notice to the person making [the] request setting forth the unusual circumstances for such extension and the date on which a determination is expected to be dispatched." *Id.* at § 552(a)(6)(B)(i). Extensions may not exceed ten working days, unless the agency provides notice and an opportunity to narrow the request, and makes its FOIA Public Liaison available to aid the requester. *Id.*

19. CBP's statutory deadline to respond to the requests it received was October 29, a deadline which it has now missed by more than fifteen working days. CBP has not provided written notice that it is experiencing "unusual circumstances," nor any notice explaining the delay at all. In

COMPLAINT FOR DECLARATORY
RELIEF FOR VIOLATING FOIA -5-

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
(206) 622-3150 · (206) 757-7700 fax

fact, the FOIAonline.gov website continues to list the "Estimated Date of Completion" for this request as October 29.

20. CBP's failure to make promptly available the records sought by Plaintiff's requests violates FOIA, 5 U.S.C. § 552(a)(3)(A) and (a)(6)(A)(ii).

## **PRAYER FOR RELIEF**

Plaintiff requests the Court grant the following relief:

A. Declare CBP has violated FOIA by not timely responding to the FOIA requests;

B. Order CBP to immediately disclose the requested records to Plaintiff and enter an injunction prohibiting CBP from continuing to withhold the requested records from the public;

C. Award Plaintiff reasonable costs and attorney's fees;

D. Grant such further relief as the court may deem just and proper.

DATED this 6th day of March, 2019.

        Davis Wright Tremaine LLP

        By *s/ John McKay*
          John McKay, WSBA #12935

        By *s/ Chris Morley*
          Chris Morley, WSBA #51918

        920 Fifth Avenue, Suite 3300
        Seattle, WA 98101
        Telephone: (206) 622-3150
        Fax: (206) 757-7700
        E-mail: johnmckay@dwt.com
            chrismorley@dwt.com
        *Attorneys for Plaintiff*

COMPLAINT FOR DECLARATORY
RELIEF FOR VIOLATING FOIA -6-

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
(206) 622-3150 · (206) 757-7700 fax

# EXHIBIT A



Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045

**Chris C. Morley**
206 757 8084 tel
206 757 7084 fax

chrismorley@dwt.com

Via UPS

September 27, 2018

FOIA Officer
U.S. Customs and Border Protection, Seattle Field Office
1000 - 2nd Ave
Suite 2200
Seattle, WA 98104

*Re:    Freedom of Information Act Request*

Dear Sir or Madam:

I write to request records relating to the U.S. Customs and Border Protection agency's ("CBP") practices or policies of finding foreign nationals who are involved in cannabis businesses inadmissible to enter the United States. Pursuant to the Freedom of Information Act, 5 U.S.C. § 552(a)(3), I am specifically requesting the following:

- All records related to policies or guidance issued by CBP's Seattle Field Office relating to CBP's interpretation of Immigration and Nationality Act § 212 (and implementing regulations) that would permit CBP to find inadmissible foreign nationals or aliens who are employed by or invest in foreign cannabis businesses which operate in full compliance with local domestic law of the jurisdiction in which they operate.

If any information described above is withheld, we request copies of all non-exempt, reasonably segregable portions of such materials, as well as a detailed statement of the statutory basis and reasons for each instance of withholding, including the FOIA exemption relied upon for such withholding, and an index or similar statement of the nature of any materials withheld. If any requested records require pre-release processing, we ask that the remaining records be made available in advance of processing the entire request.

We are willing to discuss in advance of a final determination any questions you may have concerning the request, and to discuss the scope of this request.

Respectfully,

Davis Wright Tremaine LLP

*Chris C. Morley*

Chris C. Morley

Anchorage   New York       Seattle
Bellevue    Portland       Shanghai
Los Angeles San Francisco  Washington, D.C.

100%                                              www.dwt.com

# EXHIBIT B



Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045

Chris C. Morley
206 757 8084 tel
206 757 7084 fax

chrismorley@dwt.com

Via UPS

September 27, 2018

FOIA Officer
U.S. Customs and Border Protection
90 K Street, NW
9th Floor, Mail Stop 1181
Washington, DC 20229

*Re:* *Freedom of Information Act Request*

Dear Sir or Madam:

I write to request records relating to the U.S. Customs and Border Protection agency's ("CBP") practices or policies of finding foreign nationals who are involved in cannabis businesses inadmissible to enter the United States. Pursuant to the Freedom of Information Act, 5 U.S.C. § 552(a)(3), I am specifically requesting the following:

- All records relating to CBP's policies or practices of finding foreign nationals—or "aliens," as that term is used in the Immigration and Nationality Act § 212—inadmissible for entry to the United States based on their involvement in foreign cannabis businesses which operate lawfully under the local domestic law of the jurisdiction in which they operate;

- All records relating to CBP's policies or practices referred to by Todd Owen, executive assistant commissioner for the Office of Field Operations, in the September 13, 2018 Politico.com article U.S. OFFICIAL: CANADIAN MARIJUANA USERS, WORKERS AND INVESTORS RISK LIFETIME BORDER BAN,[1] including the following statements:

    o "If you work for the [Canadian cannabis] industry, that is grounds for inadmissibility"; and

    o "Facilitating the proliferation of the legal marijuana industry in U.S. states where it is deemed legal or Canada may affect an individual's admissibility to the U.S.";

- All records relating to CBP's interpretation of Immigration and Nationality Act § 212 (and implementing regulations) that would permit CBP to find inadmissible foreign nationals or aliens who are employed by or invest in foreign cannabis businesses which operate in full compliance with local domestic law of the jurisdiction in which they operate, including guidance to CBP field offices, field office supervisors, or CBP agents;

---

[1] Available at https://www.politico.com/amp/story/2018/09/13/canada-weed-pot-border-783260.
4845-3844-3124v.1 -

| Anchorage | New York | Seattle |
| Bellevue | Portland | Shanghai |
| Los Angeles | San Francisco | Washington, D.C. |

100%  www.dwt.com

- All records related to policies or guidance issued by CBP's Seattle Field Office relating to CBP's interpretation of Immigration and Nationality Act § 212 (and implementing regulations) that would permit CBP to find inadmissible foreign nationals or aliens who are employed by or invest in foreign cannabis businesses which operate in full compliance with local domestic law of the jurisdiction in which they operate.

If any information described above is withheld, we request copies of all non-exempt, reasonably segregable portions of such materials, as well as a detailed statement of the statutory basis and reasons for each instance of withholding, including the FOIA exemption relied upon for such withholding, and an index or similar statement of the nature of any materials withheld. If any requested records require pre-release processing, we ask that the remaining records be made available in advance of processing the entire request.

We are willing to discuss in advance of a final determination any questions you may have concerning the request, and to discuss the scope of this request.

Respectfully,

Davis Wright Tremaine LLP

*Chris C Morley*

Chris C. Morley