THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVIS WRIGHT TREMAINE LLP, | Case No. 2:19-cv-334-RSM |
| Plaintiff, | SECOND DECLARATION OF PATRICK HOWARD |
| v. | |
| UNITED STATES CUSTOMS AND BORDER PROTECTION, | |
| Defendant. | |

I, Patrick Howard, declare as follows:

1.      I previously submitted a Declaration dated March 10, 2020 (First Howard Declaration). Dkt. 29.

2.      I submit this second Declaration to address issues raised by Plaintiff in its Reply in Support of its Motion for Summary Judgment, Dkt. 32, and to provide additional information and/or clarify matters described in the First Howard Declaration.

3.      I am a Branch Chief within the Freedom of Information Act Division (FOIA Division) at U.S. Customs and Border Protection (CBP), U.S. Department of Homeland Security (DHS). I have been a Branch Chief in the FOIA Division since February 8, 2015. In this capacity, I oversee a staff

SECOND DECLARATION OF PATRICK HOWARD
2:19-cv-334-RSM - 1

of Government Information Specialists (GIS), the processing of requests for records submitted to CBP pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, the Privacy Act (PA), 5 U.S.C. § 552a, and other activities conducted pursuant to applicable records access provisions.

4.    I am familiar with CBP's procedures for responding to FOIA requests.  I provide technical and administrative supervision and direction to a group of FOIA specialists in processing FOIA requests and assist with FOIA/PA litigation matters, and I am personally familiar with the processing of FOIA/PA responses, including, at times, by directly reviewing for adequacy and compliance with federal laws and regulations.

5.    The statements made in this Declaration are made on the bases of my personal knowledge of the internal operations of this office and agency and information acquired by me in the course of the performance of my official duties.

6.    I am familiar with the procedures followed by CBP in responding to requests for information pursuant to the provisions of FOIA, and with the requests made by the Plaintiff in the above-captioned matter.

7. CBP searched for responsive documents to both of Plaintiff's FOIA requests: CBP-2018-090774 and CBP-2019-006838 (collectively the Requests).

8. I understand that Plaintiff asserts that a reasonable search for documents potentially responsive to their Requests must not be focused on the Office of Field Operations (OFO) and must include separate searches of CBP's Office of Chief Counsel (OCC), CBP's Enterprise Services - Office of Training Development (OTD), and "CBP's Office of the Chief of Staff."

9. As described in the First Howard Declaration, based on my experience with FOIA and CBP's documents, I believe that OFO is the office most likely to maintain information responsive to Plaintiff's Requests.

SECOND DECLARATION OF PATRICK HOWARD
2:19-cv-334-RSM - 2

10. Based on my experience with FOIA, I also would expect OFO to hold documents that were reviewed or created by CBP's OCC and also responsive to the Requests because OCC supports OFO's mission and operations. One example is the *Legal Memorandum*, USAO_000003-000006, which was created by OCC and located during the first search by CBP's OFO Headquarters. Therefore, based on my experience, I conclude that a separate search with OCC would have been redundant and not reasonable under the circumstances.

11. CBP does not have an "Office of the Chief of Staff." CBP has a Commissioner's Office that has the position (not office) of Deputy Chief of Staff of Policy. Regardless, based on my experience with FOIA, I also would expect OFO to hold documents that were reviewed or created by CBP's Commissioner's Office and also responsive to the Requests because CBP's Commissioner's Office oversees OFO's mission and operations. Therefore, based on my experience, I conclude that a separate search with CBP's Commissioner's Office would have been redundant and not reasonable under the circumstances.

12. CBP's OTD was searched for responsive documents as further explained below:

a. As described in Paragraph 18 of the First Howard Declaration, following an initial review of both of the Requests, it was determined that the office most likely to maintain information responsive to the Requests was OFO. Reason being, OFO is responsible for all activity, including making admissibility determinations, at the port-of-entry along international borders, airports, and seaports. In other words, OFO is responsible for enforcing the Immigration and Nationality Act at the port-of-entry along international borders, airports, and seaports, and the Requests inquire about admissibility determinations relating to individuals involved in the foreign cannabis

SECOND DECLARATION OF PATRICK HOWARD
2:19-cv-334-RSM - 3

industry. As such, **<u>initially</u>**, OFO Seattle Field Office and OFO Office in Washington D.C. searched for responsive records to the Requests.

b. As described in Paragraph 21 of the First Howard Declaration, CBP conducted four key-word searches for documents over several months. OFO Headquarters (i.e. OFO Taskings) conducted two key-word searches; CBP's OTD conducted one key-word search; and CBP's Office of Public Affairs (OPA) conducted one key word search. In First Howard Declaration, the reason OTD was referred to as OFO Training and the reason OPA was referred to as OFO Public Affairs was because the OFO sub-sections of OTD and OPA were searched. For example, the Field Operations Academy is the OTD office that searched for responsive records to the Requests. The Field Operations Academy primarily teaches and trains Customs and Border Protection Officers in OFO. The Field Operations Academy, however, falls under CBP's OTD, not OFO. OTD and OPA focused on OFO responsive documents during their searches because again OFO's mission, policies, and directives all correspond to the Requests.

13. To provide additional information concerning Paragraph 19 of the First Howard Declaration, when OFO (including the Seattle Field Office and OFO Taskings), OTD (i.e., OFO Training) and OPA (i.e. OFO Public Affairs) searched for CBP electronic files, the time-period of the search was not specified in the requests, and therefore OFO did not impose a date range.

14. In response to Plaintiff's assertion that it needs more information regarding how the search terms were used:

a. When OFO Seattle Field Office conducted its search for responsive records, it used the search terms identified in Paragraph 20 of the First Howard Declaration. An "and"

SECOND DECLARATION OF PATRICK HOWARD
2:19-cv-334-RSM - 4

connector was used for these quoted terms, meaning that the search identified documents that included all of the listed terms identified within the quotes, in any order.

b. When OFO Taskings conducted its first search for responsive documents, it used the search terms identified in Paragraph 21 of the First Howard Declaration. It searched for the quoted language as written, meaning that the search identified documents that included the quoted language as written.

c. When OFO Taskings conducted its second search for responsive documents, it used the search terms identified in Paragraph 21 of the First Howard Declaration. It searched for the quoted language as written, meaning that the search identified documents that included the quoted language as written.

d. When OTD (referred to as OFO Training in Paragraph 21 of the First Howard Declaration) conducted its search for responsive documents, it used the search terms identified in Paragraph 21 of the First Howard Declaration. An "or" connector was used for these quoted terms, meaning that the search identified documents that included any of the listed terms identified within the quotes.

e. When OPA (referred to as OFO Public Affairs in Paragraph 21 of First Howard Declaration) conducted its search for responsive documents, the search was conducted by the person who created the documents. The CBP officer reviewed documents that included any of the search terms identified in Paragraph 21 of the First Howard Declaration.

15. I declare under a penalty of perjury that the information provided is true and correct to the best of my information, knowledge, and belief.

SECOND DECLARATION OF PATRICK HOWARD
2:19-cv-334-RSM - 5

Signed this 6th day of April 2020.

*Patrick Howard*

Patrick Howard
Branch Chief, FOIA Division
Office of the Commissioner
U.S. Customs and Border Protection
U.S. Department of Homeland Security

SECOND DECLARATION OF PATRICK HOWARD
2:19-cv-334-RSM - 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970