THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVIS WRIGHT TREMAINE LLP,<br><br>          Plaintiff,<br><br>     v.<br><br>UNITED STATES CUSTOMS AND BORDER PROTECTION,<br><br>          Defendant. | Case No. 2:19-cv-334-RSM<br><br>DECLARATION OF TODD C. OWEN |

I, Todd C. Owen, declare as follows:

1. I am the Executive Assistant Commissioner, Office of Field Operations (OFO), U.S. Customs and Border Protection (CBP), Department of Homeland Security (DHS). I have been employed in this role since February 8, 2015. I began my career with U.S. Customs Service in 1990 as an import specialist. Since then, I have served as the Area Port Director of New Orleans, Louisiana, where I was responsive for overseeing all operations in the state. From July 2011 through my appointment to my current position, I served as the Director of Field Operations for CBP's Los Angeles Field Office, where I supervised all OFO activities for the greater Los Angeles area, including the Los Angeles International Airport, Los Angeles and Long Beach Seaports, and the Las Vegas International Airport.

2. In my role as the Executive Assistant Commissioner, I am responsible for executing the missions of CBP and OFO. The CBP mission includes the border enforcement of the customs, immigration, and agricultural laws and regulations of the United States and the enforcement of hundreds of laws on behalf of numerous federal agencies. The mission includes enforcement of laws relating to the importation and exportation of merchandise into and out of the United States and the smuggling of narcotics and other illegal items in the United States. OFO is the primary law enforcement agency responsible for securing the U.S. border at ports of entry (POEs) while facilitating lawful trade and travel. In my position, I supervise more than 28,000 employees, with operations at 20 major field offices, 328 POEs, and 70 locations in over 40 countries internationally. On average, OFO processes over a million passengers and pedestrians a day.

3. This declaration is based on my personal knowledge as well as information conveyed to me by my staff and other knowledgeable CBP personnel in the course of my official duties and responsibilities.

4. On or about June 25, 2020, I received, read, and reviewed the Court's Order, Dkt. 36.

5. On June 29, 2020, my Chief of Staff and I met with attorneys with CBP's Office of the Chief Counsel (OCC), as well as Patrick Howard from CBP's Freedom of Information Act (FOIA) division to regarding the Court's Order, Dkt. 36, and Plaintiff's FOIA Requests.

6. Following the June 29, 2020 meeting, I subsequently identified all of the documents that I am presently aware of that are potentially responsive to Plaintiff's FOIA request.

7. Additionally, during the June 29, 2020 meeting I informed those at the meeting that while I was not presently aware of any particular document, that there may be other offices and/or individuals that may have documents potentially responsive to Plaintiff's FOIA Requests. I identified the following potential sources of potentially responsive documents: Within OFO, I stated Admissibility and Passenger Programs (APP) located in Washington, D.C. may have potentially responsive records. Within CBP, I stated that OCC, Public Affairs, Commissioner's Office, Policy,

Enterprise Services, Office of Training and Development, and Operational Support, Office of International Affairs may have potentially responsive records.

8. At the conclusion of the June 29, 2020 meeting, it was my understanding that CBP and Plaintiff were negotiating search terms and a date range for an email search, and that once those terms were settled upon, an additional search of my email, as well as others, would be executed.

9. On July 1, 2020, I identified potential custodians within OFO's APP. For the CBP component agencies, my Chief of Staff provided points of contact (POCs) for each component that FOIA could contact to determine which custodians within that component would be likely to have all documents potentially responsive to Plaintiff's FOIA Request.

10. I understand that CBP included the information I provided regarding potential sources of responsive documents in a July 8, 2020 letter Plaintiff in an effort to try and reach an agreement about conducting searches for emails and other documents. I am not currently aware of other potential sources of CBP records that may be responsive to Plaintiff's FOIA Requests other than those identified in the July 8, 2020 letter.

11. I conducted a search for hard copy potentially responsive records on July 9, 2020. During the course of my duties, I keep hard copy records stored in my office in my desk and file cabinets, and these files can only be accessed by me. I expect that any responsive hard copy records potentially responsive to Plaintiff's FOIA Requests would therefore be located in either my desk or filing cabinets. I found no hard copy responsive records and I am not aware of any hard copies in my possession that are potentially responsive to Plaintiff's request.

12. I conducted a search for electronic potentially responsive records, other than emails, on July 9, 2020. During the course of my duties, I keep electronic records on my personal network drive, and any responsive electronic records responsive to this FOIA request would therefore be located here. The personal network drive is for my use and can be accessed by me and OIT. I do not store documents on a shared network drive. I located three records potentially responsive to Plaintiffs FOIA Request. These three records totaled 7 pages. At this time I am not aware of any other specific document in my possession that is potentially responsive to Plaintiff's FOIA request.

13. As of July 29, 2020, I understood that no agreement had yet been reached regarding search terms for searching email. Therefore, in an effort of good faith, I searched through my own email account to identify any emails potentially responsive to Plaintiff's FOIA Request. I understand that this search was to be in addition to the larger-scale email search that CBP was endeavoring to negotiate with Plaintiff. Within my Outlook email system, I located 21 emails potentially responsive to Plaintiff's request. On July 30, 2020, I provided the 21 emails to FOIA.

14. At this time I am not aware of any other specific document in my possession or that resides outside of my possession within CBP that is potentially responsive to Plaintiff's FOIA request. However, to the extent that other documents exist, including emails, I have identified to CBP's FOIA offices the locations to search where I anticipate they would be found.

15. I declare under a penalty of perjury that the information provided is true and correct to the best of my information, knowledge, and belief.

Signed this __7__ day of August 2020.

Todd C. Owen

Executive Assistant Commissioner
Office of Field Operations
U.S. Customs and Border Protection

U.S. Department of Homeland Security